**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Percy Donald LIVINGSTON, a/k/a "P.D.", a/k/a "Hawkeye", Defendant-Appellant.**

No. 80–7279.

United States Court of Appeals, Eleventh Circuit.

Jan. 11, 1982.

**1004**

Stephen A. Kermish, Atlanta, Ga., for defendant-appellant.

W. Louis Sands, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before TUTTLE, HILL and JOHNSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

This is an appeal of appellant Livingston's conviction for interstate travel in aid of racketeering, i. e., extortion, in violation of Title 18, U.S.C. §§ 1952 and 2, in connection with Title 18, U.S.C. § 1951. For the reasons stated below we reverse and remand.

Livingston and a co-defendant were charged in a four count indictment with conspiracy to interfere with interstate commerce by threats of violence and with interstate travel in aid of racketeering. Pursuant to a plea bargain the government dismissed three of the counts against Livingston in exchange for his agreeing to plead guilty to the remaining count. This count—count two—specifically alleged that Livingston travelled in interstate commerce for the purpose of carrying out an extortion scheme.

At the onset of the arraignment at which the guilty plea was taken counsel for Livingston informed the court that she and Livingston agreed on the factual basis for the plea, but that it was her legal opinion that those facts did not show that Livingston travelled in aid of an extortion scheme, pursuant to the definition of extortion embodied in 18 U.S.C. § 1951. The factual basis relied on by the district court consisted of the testimony of Livingston and a summary of the government's case by the District Attorney.

Livingston testified that one Leonard Horton approached him and informed him that he knew of an embezzlement that was taking place at a certain company. Horton asked Livingston if he knew of an attorney who could be engaged to assist in obtaining $200,000 from the company in exchange for information about the embezzlement. Livingston further testified that he travelled with Horton from Macon, Georgia to Nashville, Tennessee where they conferred with a lawyer. The lawyer drafted a contract between himself, Livingston, Horton and a fourth individual. The contract provided that the lawyer would contact the embezzled company—Bassett Furniture Industries in Macon, Georgia—and offer to provide Bassett with information concerning the embezzlement in exchange for $200,000. The $200,000 was to be divided among the four parties to the contract.

The testimony of the District Attorney was substantially the same as that of Livingston. He testified that the evidence of the government would show an ongoing embezzlement scheme at Bassett Furniture Industries in which Horton was involved but Livingston was not. He further testified that the government's evidence would show that Horton called on Livingston to help him obtain a lawyer who would be willing to sell the information about the embezzlement to Bassett. Finally, the government's evidence would purportedly show that Livingston and Horton travelled to Nashville and conferred with an attorney who drew up a contract which provided for each of the parties to receive a share of the $200,000 which could be sought from Bassett.

The sole issue raised by Livingston on this appeal is whether the facts presented to the district court at the arraignment were sufficient to form a basis for finding that Livingston travelled in interstate commerce in furtherance of an extortion scheme. We find that the factual basis relied on by the court was insufficient. The court erred in accepting Livingston's guilty plea.

18 U.S.C. § 1951(b)(2) defines extortion in the following manner:

> The term 'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

18 U.S.C.A. § 1951(b)(2). The wrongful use of actual or threatened force, violence, or fear is clearly an essential element of the crime of extortion. The facts relied on by the district court do not evidence an intent by Livingston wrongfully to use force, violence or fear to obtain money from Bassett Furniture Industries.

The government's contention that Livingston intended to use the fear of economic loss wrongfully is without merit. It is well established that the use of fear of economic loss is proscribed by the extortion statute. *United States v. Quinn*, 514 F.2d 1250, 1267 (5th Cir. 1975), *cert. denied*, 424 U.S. 955, 96 S.Ct. 1430, 47 L.Ed.2d 361 (1976); *United States v. Sander*, 615 F.2d 215, 218 (5th Cir.), *cert. denied*, 449 U.S. 835, 101 S.Ct. 108, 66 L.Ed.2d 41 (1980). In order to be guilty of the wrongful use of fear, however, a party must cause, or threaten to cause, the economic loss to occur. In the present case the facts shown to the district court did not include a showing that Livingston intended to threaten to cause Bassett economic loss. The scheme contemplated by Livingston and his associates was to offer to inform Bassett of the source of past and current economic loss stemming from the embezzlement, in exchange for a monetary payment. The scheme did not contemplate threatening to cause the embezzlement to continue unless payment was made. There was no factual showing that Livingston was involved in the embezzlement or that he knew that any of his associates were involved in it.

Offering to sell information concerning an embezzlement, without having any control over the embezzlement and without threatening to cause the embezzlement to continue, may be morally repugnant but it doesn't constitute extortion as defined in 18 U.S.C. § 1951(b)(2).

■ We should note that in the present case the appellant does not question the propriety of the procedures followed by the district court at the arraignment at which the guilty plea was taken. The district court conducted all of the procedures mandated by Rule 11, Fed.R.Crim.P. The court

erred in concluding that the procedures had produced a sufficient factual basis for the plea. The district court was required to determine that what Livingston admitted constituted the crime charged. *United States v. Dayton*, 604 F.2d 931, 943 (5th Cir. 1979). We conclude that the admitted facts do not.

We reverse the judgment of guilty and remand to the district court. On remand Livingston shall be allowed to withdraw his guilty plea at his option.

REVERSED and REMANDED.